UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CYNTHIA TULACRO, : <br> : <br> Plaintiff, : <br> : <br> V. : <br> : <br> GLOBAL STEERING SYSTEMS, LLC : <br> : <br> Defendant. : | Case No.: 3:19-cv-00072 <br><br><br><br><br><br> January 14, 2019 |

## COMPLAINT

## INTRODUCTION

The Plaintiff, Cynthia Tulacro, brings this action to recover damages and obtain other equitable relief as caused by her wrongful termination pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000(e) et seq., 29 U.S.C. § 206 et seq..  Plaintiff seeks reinstatement, back pay, front pay, compensatory and punitive damages, and attorney's fees and costs.

### I.  PARTIES

1. Plaintiff Cynthia Tulacro is a resident of Wolcott, Connecticut, and her birthdate is November 5, 1952.

2. Defendant Global Steering Systems, LLC ("GSS") is a Delaware limited liability corporation with a principal place of business in Watertown, Connecticut. Defendant manufactures and sells automotive supplies, in particular, steering products, in markets all over the world. Plaintiff worked for GSS at its Watertown location.

3. At all times relevant to this complaint, the Defendant was Plaintiff's "employer," as defined in 42 U.S.C. § 2000e(f) and an "employer," as defined in 42 U.S.C. § 2000e(b), and an establishment or enterprise under 29 U.S.C. § 206 et seq..

## II. JURISDICTION AND VENUE

4. This Court has jurisdiction over the federal claims herein pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343(a)(4), 42 U.S.C. § 2000e-5 (f)(3), and 42 U.S.C. § 1981.

5. Plaintiff filed timely a charge of discrimination on the basis of sex and age with the United States Equal Employment Opportunity Commission. She received a Dismissal and Notice of Rights from the Equal Employment Opportunity Commission, dated October 16, 2018, a copy of which is attached hereto as Exhibit A. This action is filed within 90 days of her receipt of Dismissal and Notice of Rights.

6. Venue lies in this District pursuant to 28 U.S.C. §1391(b)(1), (2).

## III. STATEMENT OF FACTS

7. Plaintiff began her employment with Defendant on November 3, 2014. Until August 17, 2018, she was employed as a Quality Engineer at GSS's facility in Watertown, CT.

8. Plaintiff was the only woman in this high-level position with the company. The only other three (3) Quality Engineers were males approximately in their thirties (30's).

9. Plaintiff was a dedicated employee who has several decades of experience in her field and who envisioned finishing her career working for GSS and retiring from GSS.

10. Throughout her employment, Plaintiff was consistently faced with adverse treatment of women in the work place based upon sex. Plaintiff has also been the subject of such comments. For example, Plaintiff's superiors made comments to the effect that guys on her floor could do better for the same money. On April 26, 2018, in a meeting with her direct superior, Eric Haag, to discuss her yearly performance review, Plaintiff was told she should, "just take notes at meetings and accept [his] improvements without offering [her] comments," a comment that reflects the stereotypical treatment of women in the workplace as being mere secretaries. Plaintiff was also passed over for at least two (2) promotions that went to similarly situated males who were less qualified for the position.

11. Plaintiff was also consistently faced with adverse treatment of co-workers due to their age. Plaintiff knows of a co-worker in her sixties (60s) who was told by management in her yearly review that she would not be receiving a raise because, "she was about to retire," even though this co-worker had not stated her intent to retire anyone in management. In her final two years working for GSS, Plaintiff did not receive any yearly raises or bonuses while younger colleagues, including but not limited to Hubert Williams, received raises despite poor performance reviews. As mentioned, *supra*, Plaintiff was also passed over for promotions; both of these promotions were given to men who were younger than her.

12. On April 26, 2018, Plaintiff lodged a complaint with the Human Relations Manager, Victoria Erickson, in relation to the comments made by Eric Haag at the meeting between Mr. Haag and the Plaintiff on the same date. In response to this complaint, a meeting was held on May 1, 2018 between the Plaintiff, Victoria Erickson,

3

Eric Haag, and Carlos Cardoso, Vice President of Operations.  No resolution came out of this meeting.  Rather, Plaintiff was simply told that her role in the company would be changing when new individuals were hired at the company.

13. On July 6, 2018, after Plaintiff had complained about unequal treatment due to her sex and age, Plaintiff was called into the office of Gabriel ("Gabe") Rosa, Vice President of Engineering.  During this meeting, Gabe proceeded to verbally assault Plaintiff regarding information he claimed Plaintiff had not send him, despite Plaintiff having sent it to him previously.  Further, whenever Gabe would pass Plaintiff in the hall, he would only acknowledge the Plaintiff by asking, "Where is the information I requested?"

14. On this same day, Plaintiff reported this interaction to Victoria Erickson who acknowledged Gabe had been previously disciplined via a verbal warning by upper management for similar conduct but dismissed this conduct as Gabe, "having the business at heart."  No disciplinary action was taken against Gabe for his conduct during this meeting.

15. On a later occasion, Plaintiff questioned Victoria Erickson inquiring if it was due to her age that she was not receiving raises or bonuses.  Ms. Erickson's stated no but her only other response was that Plaintiff was a valuable employee.

16. On August 16, 2018, Plaintiff sent an email to Victoria Erickson regarding a recommendation by Plaintiff's doctor that Plaintiff take a medical leave of absence due to her high blood pressure and the associated stress of her job.  Ms. Erickson did not respond to the email.  Plaintiff sent a follow-up email on August 19, requesting information concerning this request for medical leave.

17. On August 20, 2019, Plaintiff was informed by Victoria Erickson via telephone that she had been terminated from her position as of August 17, 2019.

18. Plaintiff requested information indicating a poor job performance. Ms. Erickson responded that, "Eric Haag has emails," and that they would need to speak to their attorneys before releasing these emails to the Plaintiff.

## IV. COUNT ONE:  Discrimination on the Basis of Sex in Violation of Title VII, 42 U.S.C. § 2000e-2

1-18. Paragraphs 1 through 18 of this Complaint are hereby incorporated as paragraphs numbered 1 through 18 of Count One.

19. Plaintiff's sex was a motivating factor in Defendant's decision not to interview her for the two managerial positions in her department which went to lesser qualified male counterparts, specifically Eric Haag and Robert Stoddard, its failure to give Plaintiff raises and bonuses, and its failure to promote her or consider her for open positions.

20. In so doing, Defendant acted with malice and/or reckless indifference to Plaintiff's rights.

21. As a result of Defendant's actions as described above, Plaintiff has suffered damages including, but not limited to, loss of income, emotional distress, and humiliation.

## V. COUNT TWO:  Discrimination on the Basis of Age in Violation of 29 U.S.C. § 623

1-18. Paragraphs 1 through 18 of this Complaint are hereby incorporated as paragraphs numbered 1 through 18 of Count Two.

19. But for Plaintiff's age she would have been interviewed for the two managerial positions in her department which went to lesser qualified male counterparts, namely Eric Haag and Robert Stoddard.

20. But for Plaintiff's age Plaintiff would have received a raise or a yearly bonus in the final two years of her employment with the Defendant. This is evidenced by younger employees with similar performance reviews who received a yearly raise of at least three percent (3%) during the same time period in question.

21. In doing so, Defendant acted with malice and/or reckless indifference to Plaintiff's rights.

22. As a result of Defendant's actions as described above, Plaintiff has suffered damages including, but not limited to, loss of income, emotional distress, and humiliation.

**VI.   COUNT THREE:  Violation of 29 U.S.C. § 206 et seq. (Equal Pay Act)**

1-18. Paragraphs 1 through 18 of this Complaint are hereby incorporated as paragraphs numbered 1 through 18 of Count Three.

19. Plaintiff received unequal pay and wages than her male counterparts, including but not limited to Hubert Williams, for performing work that is equal, in the same establishment.

20. Defendant's aforementioned conduct of paying unequal wages for equal work is on the basis of sex.

21. As a result of Defendant's actions as described above, Plaintiff has suffered damages including, but not limited to, loss of income, emotional distress, and humiliation.

**VII.     COUNT FOUR:  Retaliation in Violation of Title VII, 42 U.S.C. § 2000e-3**

1-18.    Paragraphs 1 through 18 of this Complaint are hereby incorporated as paragraphs numbered 1 through 18 of Count Four.

19.    The Defendant's aforementioned conduct was done with malice and/or reckless indifference to Plaintiff's rights, and constitutes intentional retaliation against Plaintiff for her protected activity of complaining of illegal discrimination by <u>inter alia</u> (1) lodging complaints with Victoria Erickson on April 26, 2018 for comments made by Eric Haag that she just take notes of his recommendations and should remain quiet; (2) filing charges with Victoria Erickson on July 6, 2018 for harassment by Gabriel Rosa during a meeting between him and Plaintiff; (3) for questioning Victoria Erickson whether older employees were being denied raises and bonuses on the basis of their age; and (4) terminating the Plaintiff on August 20, 2018 effective August 17, 2018.

20.    As a result of Defendant's actions as described above, Plaintiff has suffered damages including, but not limited to, loss of income, emotional distress, and humiliation.

22.

### VIII.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Cynthia Tulacro claims the following relief;

A.    Reinstatement;

B.    Back pay, back benefits, front pay and benefits, and prejudgment interest;

C.    Compensatory and punitive damages;

D.    Costs and attorney's fees; and

E.    Such other relief as the Court deems just and proper.

### IX. JURY DEMAND

Plaintiff demands a trial by jury on all claims triable to a jury.

                                              THE PLAINTIFF
                                              CYNTHIA TULACRO

                                    By:_____/s/ ct18890_____
                                              Anthony R. Minchella, Esq.
                                              Minchella & Associates, L.L.C.
                                              530 Middlebury Road, Suite 209B
                                              Middlebury, CT 06762
                                              Juris No.: 421626
                                              Tel: 203-758-1069
                                              Fax: 203-758-2074
                                              aminchella@minchellalaw.com